**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

HAROLD HOBBS                                                                                         PLAINTIFF
ADC #77219

V.                                          NO: 5:12CV00044 JMM/HDY

MARVIN EVANS *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Harold Hobbs filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on January 30, 2012. On March 19, 2012, Defendants filed a motion to dismiss, along with a brief in support (docket entries #11 & #12). Plaintiff filed a response on March 30, 2012 (docket entry #15).

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state

a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he was placed on behavior control on August 7, 2011, and when he was removed two days later, and his personal property was returned, two trial transcripts were missing. Plaintiff seeks to be paid for the cost of the two transcripts, plus $25,000.00 in punitive damages.[1] In essence, Plaintiff is alleging that his property was taken without due process.

Defendants assert that Plaintiff's complaint should be dismissed because the Arkansas Claims Commission provides an adequate remedy under state law. In his response to Defendants' motion, Plaintiff counters that the Claims Commission waived its jurisdiction when it refused to accept for filing Plaintiff's claim. According to a Claims Commission letter Plaintiff has provided with his response, Plaintiff's claim was not accepted because Plaintiff attempted to file it against individuals. Although Plaintiff's claim may have erroneously named individuals, the letter he received confirms that the Claims Commission accepts claims against state agencies. Therefore,

---

[1] Plaintiff's complaint also vaguely references needing the transcripts to pursue a possible claim in the future, but does not explain how not having them prevents him from filing a such a claim, or describe anything even approaching prejudice. *See Myers v. Hundley*, 101 F .3d 542, 544 (8th Cir. 1996) (to state a claim for denial of meaningful court access, inmates must assert that they suffered an actual injury to pending or contemplated legal claims).

Plaintiff has an adequate remedy under state law, and has no due process claim. *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy). Accordingly, Defendants' motion to dismiss should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to dismiss (docket entry #11) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __19__ day of April, 2012.

UNITED STATES MAGISTRATE JUDGE